LEE, Appellant, v. GREAT NORTHERN RAILWAY COMPANY, Respondent.

(163 N. W. 560.)

(File No. 4140.    Opinion filed June 26, 1917.    Rehearing denied August 7, 1917.)

**1.    Master and Servant—Damages to Helper From Engine Blowout—Leaky Valve, As Negligence—Sufficiency of Evidence—Directed Verdict.**

In a suit by an engine helper at a roundhouse, for damages resulting from injury alleged to have been caused by sudden emission from defendant's engine blowout pipe of scalding water and steam, held, that plaintiff's evidence that, before the accident, he reported to his foreman that the engine flues

and blowpipe were leaking, that thereafter he, pursuant to foreman's instructions, tried to draw up the valves so as to stop leakage, but did not succeed and so reported to foreman, who then said he was going to have it repaired when the engine went to Sioux City, there being no master mechanic or repair facilities at roundhouse; that he had frequently passed the engine while getting up steam, did not know, and that foreman did not tell him there was danger of blowout, and that at time of accident he had on between eighty and ninety pounds of steam,—is insufficient to show actionable negligence of defendant company; there being nothing to show any cause for outburst of hot water and steam at time of ac-' cident; and trial court properly directed verdict for defendant.

2. Same—Negligence—Helper's Injury From Engine Blowout—Accident, As Implying Negligence—Burden of Proof—Proximate Cause—Assumption of Risk—Evidence, Sufficiency.

In a suit for damages to plaintiff, an engine helper at a roundhouse, held, that the fact that a valve on blowout pipe of defendant's engine was in a leaky condition does not explain how the valve came to be open for an instant just at time of the emission of steam and hot water upon plaintiff's leg; that it is not a case where mere fact of accident implies negligence of employer; and burden of proof is on plaintiff to show defendant negligent in some manner and that such negligence was proximate cause of the injury. Held, further, that the defect complained of was not such that injury could reasonably be anticipated from continued use of the engine, and that, if it had been of such a nature, plaintiff, by continued use thereof, assumed risk incident to the defect; that while foreman may have promised to have engine repaired, plaintiff knew it could not be repaired until it reached Sioux City; therefore the assumption of risk of a known defect did not shift from plaintiff to defendant until such time as the engine could be taken to where it could be repaired.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Martin Lee, against the Great Northern Railway Company, for damages to plaintiff resulting from an engine blowout. From a judgment for plaintiff based upon a directed verdict, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Parliman & Parliman,* for Appellant.

*Aikens & Judge,* for Respondent.

(1) To point one of the opinion, Appellant cited: Iverson v. Look, 32 S. D. 323; Texas & P. Ry. Co. v. Barrett, 67 Fed.

218; Atchison T. & S. F. R. Co. v. Mulligan, 67 Fed. 569; Brabitts v. C. & N. W. Ry. Co., 38 Wis. 289; Hough & Spradlin Co. v. Moreland's Adm'x., (Ky.) 169 S. W. 467; Brownville v. Batchelder & Snyder Co., (Mass.) 105 N. E. 351; Labatt M. & S., Vol. 4, p. 4857; Yellow Pine Paper Mill Co. v. Lyons, 159 S. W. 909; Glossen v. Gehman, 23 Atl. 843; Edgar Clinkscales v. Wisconsin Granite Co., 160 N. W. 843, 38 S. D. 205; Payne v. Rome Cocoa-Cola Bottling Co. (Ga.) 73 S. E. 1087.

Respondent cited: Code Civ. Proc., Sec. 148; Arcade Fire Works v. Jutau, (Ind.) 40 N. E. 818; Shanke v. United States Heater Co., (Mich.) 84 N. W. 283; Dobbins v. Brown, 119 N. Y. 188.

(2) To point two of the opinion, Appellant cited: Perreault v. Wis. Granite Co., (S. D.) 144 N. W. 110; Thompson v. Company, 27 S. D. 568; Monaghen v. N. Y., 45 Hun. 113; Seybolt v. The N. Y., L. L. & W. R. R. Co., 95 N. Y. 568; Saunders v. Chi. & N. W. Ry. Co., 6 S. D. 40; Wright v. Sioux Falls Traction System, 28 S. D. 385.

POLLEY, J.   This action is brought for the recovery of damages for a personal injury alleged to have resulted from the negligence of the defendant. When plaintiff rested his case, the trial court directed a verdict for the defendant, and, from the judgment entered thereon and an order denying a new trial, plaintiff prosecutes this appeal.

The grounds upon which the court directed the verdict against plaintiff, as stated in defendant's motion, are that there is no proof of actionable negligence on the part of the defendant, and that plaintiff had assumed the risk incident to his employment.

Plaintiff testified that at the time of the accident causing the injury complained of he was working for the defendant as a helper in defendant's roundhouse at Garretson; that it was his duty to run engines into the roundhouse as they came in from the road and to coal and fire them up and get them ready to go out again; that on the evening of the accident he was getting a certain engine ready to go out on its run, and, while passing along the left side of said engine in the performance of his said duty, the blowout pipe on that side of the engine suddenly and without warning, emitted a large volume of hot water and steam

which scalded plaintiff's leg, thereby causing a severe and possibly permanent injury. He further testified that in the morning before the accident he had discovered that the flues and blowout pipe of this engine were both leaking, and that he reported such fact to his foreman; that the foreman told plaintiff to try and draw up the valve so it would not leak away all the water; that he (plaintiff) did try to draw up the valve, but that he could not stop the leak, and left it in the same condition that it was before he made the attempt, which fact he reported to the foreman; that the foreman said he was going to have it repaired when it went to Sioux City. There was no master mechanic nor any repair facilities at Garretson at that time. Plaintiff further testified that he had passed the blowout pipe several times while he was getting up steam and working about the engine; that he did not know there was danger of a blowout, and that the foreman did not tell him there was danger of a blowout; that at the time of the accident he had on between 80 and 100 pounds of steam; and that the more steam there was on the more the blowout pipe leaked.

[1-3] Defendant having moved for a directed verdict, the testimony on behalf of plaintiff must be taken as true. But, admitting the facts to be as claimed by him, no actionable negligence on the part of defendant is shown. The fact that the valve on the blowout pipe was in a leaky condition in no manner explains how the valve came to be open for a single instant just at that particular time. There is nothing in the evidence that tends to show any cause for the outburst of hot water and steam. It is not a case where the mere fact of the accident implies negligence on the part of the employer. The burden is upon plaintiff to show that the defendant had been negligent in some manner and that such negligence was the proximate cause of the injury. This he has wholly failed to do. The defect complained of was not of such a nature that injury could reasonably be anticipated from the continued use of the engine, and, if it had been of such a nature, the plaintiff, by the continued use of the engine, assumed the risk incident to the defect. While the foreman may have promised to have the engine repaired, plaintiff knew that it could not be repaired until it reached Sioux City. Therefore the assumption of the risk of a known defect did not shift from plain-

tiff to defendant until such time as the engine could be taken to the place where such repair could be made.

No actionable negligence on the part of the defendant appearing from the testimony, there was nothing for the trial court to do but to direct a verdict for the defendant, and the judgment and order appealed from are affirmed.